UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL KEYSER, | Hon. Joseph H. Rodriguez |
| | Civil Action No. 1:20-cv-10584 |
| Plaintiff, | |
| vs. | |
| | **MEMORANDUM OPINION** |
| TOYOTA MATERIAL HANDLING NORTHEAST, INC., TOYOTA MATERIAL HANDLING USA, INC., ANTHONY BARTOLINE, JACOB RATEKIN, JIM CARSON, JOHN DOES 1-10, and, ABC COMPANIES 1-10, jointly, severally, and in the alternative, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's Motion to Remand the case back to the Superior Court of the State of New Jersey, Law Division, Camden County. [Dkt. No. 13]. The Court has considered the written submissions of the parties pursuant to Fed. R. Civ. P. 78 (b). For the reasons stated below, Plaintiff's Motion to Remand will be granted.

A case must be remanded if, at any time before final judgment, the district court discovers that it lacks subject matter jurisdiction to hear the case. See 28 U.S.C. § 1447(c). As the party removing the case, the defendant has the burden to prove that federal court jurisdiction is proper at all stages of the litigation. See Samuel–Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); Boyer v. Snap–On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990); Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985). The district court must resolve all contested issues of fact and uncertainties of law in favor of the plaintiff. See Boyer, 913 F.2d at 111. Moreover, the court should

1

strictly construe removal statutes and resolve all doubts in favor of remand. See Abels, 770 F.2d at 29. The strict construction of removal statutes honors Congress' power to determine the contours of the federal court's limited subject matter jurisdiction. See Bowles v. Russell, 551 U.S. 205, 212–13, 127 S. Ct. 2360, 168 L.Ed.2d 96 (2007) (internal citation omitted) ("Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them.").

In order for removal to be proper, the federal court must have original jurisdiction to hear the case. See 28 U.S.C. § 1441(a); U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 389 (3d Cir. 2002). Here, Defendants—Toyota Material Handling Northeast, Inc.("TMHNE"), Toyota Material Handling USA, Inc.("TMHU"), and Anthony Bartoline ("Bartoline")—base removal on 28 U.S.C. § 1332(a), which provides in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States. . . ." If, like here, an Action is removable solely on the basis of diversity jurisdiction, the case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C.A. § 1441(b)(2). This rule, known as the forum-defendant rule, is squarely at issue in the present case.

Here, there is no dispute that the removing Defendants and Plaintiff are diverse. TMHNE is a citizen of Delaware and Pennsylvania, TMHU is a citizen of California and Indiana, and Bartoline is a citizen of North Carolina, while Plaintiff is a citizen of New Jersey. [Dkt. No. 1 "Notice of Removal" ¶¶ 9-11]. There are, however, two other named

2

Defendants in this action, Jacob Ratekin ("Ratekin"), a Citizen of Wyoming, and Jim Carson ("Carson"), a citizen of New Jersey. (Id. at ¶¶ 13, 14). Carson, a forum-defendant, had not been served the Complaint at the time of removal (and still has not been served). (Id.). Thus, Defendants submit that removal is proper under the forum-defendant rule. More specifically, Defendants contend that "when a plaintiff has not properly joined and served a forum defendant, the non-forum defendant (or defendants) can remove the action through 'snap removal.'" [Dkt. No. 23, p. 4].

The Third Circuit recently addressed the issue of "snap removals." Encompass Ins. Co. v. Stone Mansion Rest. Inc., 902 F.3d 147, 152 (3d Cir. 2018), reh'g denied (Sept. 17, 2018). Encompass held "that the language of the forum defendant rule in section 1441(b)(2) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served." Id. at 152 (emphasis added). In so holding, the Third Circuit affirmed the district court's denial of plaintiff's motion to remand, where the forum-defendant executed a pre-service removal. Prior to this decision, this Court made similar findings on at least two occasions, holding that when "forum defendants had not been served at the time of removal, their citizenship did not offend the language of 1441(b)." Ripley v. Eon Labs Inc., 622 F. Supp. 2d 137, 141 (D.N.J. 2007); Thomson v. Novartis Pharms. Corp., 2007 WL 1521138 (D.N.J. May 22, 2007). Unlike here, each of those cases, including Encompass, involved completely diverse parties.[1] In fact, the vast majority of case law

---

[1] Encompass, 902 F.3d at, 149 ("Encompass, a citizen of Illinois, then brought the instant action against Stone Mansion, a Pennsylvania corporation, in the Court of Common Pleas of Allegheny County. (emphasis added)).

3

permitting pre-service removal under the forum defendant rule regards completely diverse parties.[2]

To that end, Plaintiff submits this case must be remanded because the forum-defendant rule does not apply here, where forum-defendant Carson is also a citizen of the same state as Plaintiff, and thus, there is no complete diversity.  In their opposition, Defendants do not dispute the lack of diversity.  Instead, they contend that Carson's citizenship does not preclude the "snap removal," as removal is proper when the forum-defendant has not been properly served, "even if the plaintiff and the unserved forum defendant are citizens of the same state."  [Dkt. No. 23, p. 4 (emphasis added)].  In support, Defendants rely solely on one recent decision from this district, Dillard v. TD Bank, NA, No. 1:20-CV-07886, 2020 WL 4339347 (D.N.J. July 28, 2020).  Plaintiff in Dillard, a citizen of New Jersey, filed suit in New Jersey state court against defendant TD Bank, a Delaware citizen, and defendant Gordon, a New Jersey citizen.  TD Bank removed the case before plaintiff served forum-defendant Gordon.  Id. at *1.  Once Gordon was served, the parties filed a consent motion to remand, which the court denied, noting that the diverse non-forum defendant's snap removal "was proper even though Plaintiff's complaint named a non-diverse defendant."  Id.  Now pending before the Dillard court is a formal motion to remand and for reconsideration.

This Court, however, agrees with Plaintiff and is persuaded by the majority of courts that have rejected finding that a snap removal is proper where there is a non-

---

[2] See, e.g., Mendoza v. Ferro, No. CV 18-3807, 2019 WL 316727, at *1 (E.D. Pa. Jan. 24, 2019); Manz v. Brenntag N.A., No. 318CV14083PGSTJB, 2019 WL 2568666, at *1 (D.N.J. June 20, 2019); Petardi v. Majestic Lanes, Inc., No. CV 2:18-15543, 2019 WL 3712030, at *2 (D.N.J. Aug. 7, 2019); Dutton v. Ethicon, Inc., 423 F. Supp. 3d 81, 83 (D.N.J. 2019); Brown v. Teva Pharm., Inc., 414 F. Supp. 3d 738, 739 (E.D. Pa. 2019).

diverse defendant.  See Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699, 705 (2d Cir. 2019) (agreeing with Encompass, holding "Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action" (emphasis added)); Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc., 955 F.3d 482, 486 (5th Cir. 2020) (same); Stanley v. Lowe's Companies, Inc., et al., No. CV1915436, 2020 WL 1531387, at *4 (D.N.J. Mar. 31, 2020) ("The forum-defendant rule and snap removal are only relevant, however, where diversity jurisdiction exists. Accordingly, before Defendants may assert that snap removal permits removal of this action, they must first establish diversity jurisdiction exists." (citation omitted)); Reyes v. Sheika, No. CV1920388, 2020 WL 2735710, at *2 (D.N.J. May 7, 2020), report and recommendation adopted, 2020 WL 2732069 (D.N.J. May 26, 2020) (collecting cases holding the same); Mecca v. Ecosphere, LLC, No. 20CV12769, 2020 WL 6580855, at *4 (D.N.J. Nov. 10, 2020) (noting "that [defendant] is incorrect in its assertion that only the citizenship of defendants who have been served is relevant to the diversity jurisdiction analysis. . . . the forum defendant rule bars removal if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought," but the diversity requirements of 28 U.S.C. 1332(a) still apply").

While the citizenship of a forum-defendant (who is not properly served) does not offend the language of 1441(b), it does offend the language of 28 U.S.C. § 1332(a). Jurisdiction pursuant to § 1332(a), is limited to civil actions "between . . . citizens of different States." (emphasis added).  Thus, to remove a case based on diversity, "no plaintiff can be a citizen of the same state as any of the defendants at the time the

complaint was filed and at the time of removal." In re Benicar (Olmesartan) Prods. Liab. Litig., 198 F. Supp. 3d 385, 386 (D.N.J. 2016) (citing Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013)). Diversity is determined "from the face of the complaint." B&P Holdings I, LLC. v. Grand Sasso, Inc., 114 F. App'x 461, 464 (3d Cir. 2004). Based on the face of Plaintiff's complaint, as well as the Notice of Removal, Defendant Carson, whether served or not, is a citizen of New Jersey, the same state Plaintiff is a citizen. Therefore, at the time of removal, there was no complete diversity.

In the alternative, Defendants argue that Plaintiff's Motion to Remand should be denied because their removal is proper under the fraudulent joinder doctrine. [Dkt. No. 23, p. 5]. "In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." In re Briscoe, 448 F.3d 201, 216 (3d Cir. 2006). Defendants here, however, fail to allege fraudulent joinder in their Notice of Removal. [See Dkt. No. 1]. In fact, the notice alleges that there is diversity between the parties (ignoring Defendant Carson's citizenship). [Id. at ¶ 12].

"Courts have found the notice of removal procedurally deficient and remanded the action where the defendant fails to raise fraudulent joinder until opposition to a remand motion." Stanley, 2020 WL 1531387, at *4 (collecting cases); see also Kimmet v. Mannesmann Dematic Rapistan Sys. Corp., No. CIV. A. 00-1247, 2000 WL 822513, at *3 (E.D. Pa. June 26, 2000) (granting plaintiff's motion to remand where defendants' notice of removal alleged, but failed to establish, complete diversity of citizenship among all parties, and not that the non-diverse party's citizenship was moot due to

6

fraudulent joinder).  Therefore, Defendants further fail to establish jurisdiction based on fraudulent joinder.  As such, the Court lacks subject matter jurisdiction, and the removal is improper.

For the reasons stated above, Plaintiff's Motion to Remand to the Superior Court of the State of New Jersey, Law Division, Camden County will be granted.  An appropriate order shall issue.

Dated: December 18, 2020

                                                                                                 /s/ Joseph H. Rodriguez
                                                                                                Hon. Joseph H. Rodriguez,
                                                                                                UNITED STATES DISTRICT JUDGE